996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara J. ASHER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-5054.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1993.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Barbara J. Asher appeals a district court judgment that affirmed the Secretary's denial of her application for supplemental security income benefits. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Asher alleged that she was impaired by scoliosis, degenerative arthritis and chronic obstructive pulmonary disease. An Administrative Law Judge ("ALJ") found that Asher's testimony was not fully credible and that her impairments did not significantly limit her ability to perform basic work-related activities. Thus, the ALJ found that Asher was not disabled because she did not have a severe impairment as defined at 20 C.F.R. § 416.921. This opinion became the final decision of the Secretary on March 23, 1992, when the Appeals Council declined further review. The district court granted the Secretary's motion for summary judgment on November 25, 1992. It is from this judgment that Asher now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 5
 Asher had the burden of demonstrating that her impairments were severe by showing that they significantly limited her ability to perform basic work activities. See 20 C.F.R. §§ 416.920(c) and 416.921(a); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988). The record indicates that she has not met this burden as substantial evidence supports the Secretary's determination that Asher is not disabled, even though "an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." Higgs, 880 F.2d at 862.
 
 
 6
 Asher's testimony indicates that her ability to perform several work-related activities was significantly limited. She now argues that the ALJ discredited her testimony on the basis of an impermissible "sit and squirm" test. Cf. Harris v. Heckler, 756 F.2d 431, 436 (6th Cir.1985). However, an ALJ "may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990); see also 20 C.F.R. § 416.929(c)(4). In the present case, the medical evidence does not support Asher's allegations regarding the severity of her impairments or the limitations that they impose on her ability to perform work-related activities. Furthermore, one of the medical reports directly contradicts Asher's testimony in this regard. Hence, there was substantial evidence to support the ALJ's finding that Asher's testimony was not fully credible.
 
 
 7
 The ALJ found that Asher had mild obstructive airway disease. This finding is directly supported by Dr. Bryan's interpretation of x-rays and pulmonary function studies which were undertaken in 1990. None of the medical evidence expressly indicates that Asher had functional limitations because of her respiratory condition. Furthermore, Dr. Rutledge's report, dated January 2, 1991, indicates that Asher's ability to stand and walk is not affected by her impairments, that she can climb frequently, and that she has no environmental restrictions. This report provides substantial support for the ALJ's finding that Asher's respiratory impairment is not severe, as it does not affect her ability to perform basic work activities.
 
 
 8
 The ALJ also found that Asher suffered from minimal scoliosis. This finding is directly supported by Dr. Rutledge's interpretation of x-rays taken in 1991. Dr. Rutledge also completed a physical examination and a functional capacities assessment. He reported that Asher had a full range of motion in her upper extremities and that there were no limitations involving her range of motion. These clinical findings provide an objective basis for Dr. Rutledge's functional assessment form, which indicates that Asher's impairments do not affect her ability to lift, carry, stand, walk, sit, reach, push or pull. The form also indicates that she can climb, stoop, crouch, kneel and crawl frequently despite her impairments. These activities are similar or identical to the basic work-related activities that are described in 20 C.F.R. § 416.421(b). Therefore, Dr. Rutledge's report supplies substantial support for the ALJ's finding that Asher did not have a severe back impairment.
 
 
 9
 Asher contends that the ALJ did not consider her alleged impairments in combination. However, the ALJ found that Asher did not have "any inpairment or impairments" which would significantly limit her ability to work. Moreover, Dr. Rutledge's report clearly indicates that Asher has no significant work-related limitations of any kind. Asher argues that she was unable to afford more extensive medical examinations or treatment. However, Dr. Rutledge's report affirmatively indicates that Asher can perform almost all of the basic work-related activities that are described in the regulations. Thus, there is more than a mere absence of proof in the medical record to support the ALJ's finding on severity.
 
 
 10
 Finally, Asher argues that the ALJ considered her age in determining that her impairments were not severe because he stated that the "claimant's ailments appear to be nothing more than those associated with the normal aging process." The regulations prohibit consideration of a claimant's age, education and work experience in determining severity. 20 C.F.R. § 416.920(c). However, this section simply prohibits balancing the severity of an impairment against positive vocational factors, such as youth, to support a finding that the claimant is not disabled at the initial stages of the analysis. While the ALJ's comment was potentially confusing, it does not suggest that he considered Asher's age as a positive factor which would offset the severity of her impairment.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.